UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| THOLA DEAN PIENS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DR. JUSTICE M. RECKARD, *et al.*,<br><br>　　　　　Defendants. | 4:24-CV-04086-CBK<br><br>AMENDED MEMORANDUM OPINION AND ORDER |

Plaintiff filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fee if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). I am required to liberally construe plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a

satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Plaintiff's complaint alleges defendants committed medical malpractice beginning in 2016. He identifies in the criminal cover sheet that his claim is one for medical malpractice and contends that diversity jurisdiction exists in this case. He also claims that defendants engaged in a conspiracy to murder plaintiff and that federal jurisdiction exists under federal criminal statutes for fraud, waste, and abuse. He seeks $250,000 in damages "under the Pinkerton Rule" and that defendants serve five years in prison. Plaintiff has no standing to prosecute or enforce criminal statutes. *See*, Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973); Jones v. Clinton, 206 F.3d 811, 812 (8th Cir. 2000); and Kunzer v. Magill, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009). Plaintiff has identified no criminal statute which authorizes a private right of action for civil damages. Such claims are frivolous and will not be further addressed.

Pursuant to 28 U.S.C. § 1332(a)(1), district courts have jurisdiction of civil action where the amount in controversy exceeds $75,000 and is between citizens of different states. Plaintiff alleges that plaintiff resides in Wisconsin. Plaintiff has named 92 defendants who are residents of California, Minnesota, Iowa, and Wisconsin. Diversity jurisdiction requires complete diversity. "If any plaintiff is a citizen of the same state as

any defendant, there is not "complete diversity" and federal courts lack jurisdiction." Great River Ent., LLC v. Zurich Am. Ins. Co., 81 F.4th 1261, 1262 (8th Cir. 2023). Complete diversity is absent in this case. The federal district courts lack jurisdiction over this medical malpractice claim.

Plaintiff has not alleged that his claim arises under a federal statute, the United States Constitution, or any treaty of the United States as required for "federal question" jurisdiction under 28 U.S.C. § 1331. He has further not alleged that he resides in a different state than all the defendants as required for "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332. There is no basis for federal jurisdiction in the complaint.

In any event, this matter cannot be venued in the District of South Dakota. Pursuant to 28 U.S.C. § 1391(b): "A civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." It is clear from the complaint that plaintiff's malpractice claim did not arise in the District of South Dakota. Plaintiff's complaint contains no facts that would justify the bringing of this action in a jurisdiction with no contacts to the parties or the cause of action.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, to proceed *in forma pauperis* without the prepayment of the filing fee is granted.

2. Plaintiff's motion, Doc. 3, for the appointment of counsel is denied.

3. Plaintiff's complaint is dismissed for lack of federal jurisdiction.

DATED this __5th__ day of **July**, 2024.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge